# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3317

_____

United States of America,

   Appellee,

  v.

Michael Paul Caldwell,

   Appellant.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: May 10, 2004
Filed: May 14, 2004

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

  Michael Paul Caldwell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). With a total offense level of twelve and a Category IV criminal history, his Guidelines imprisonment range was twenty-one to twenty-seven months. Caldwell moved for a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3 (2002) on the basis that Category IV overrepresented the seriousness of his criminal history. He argued that his 1989 conviction for second-degree robbery should be discounted because it was fourteen years old, and his only subsequent convictions were in 1993 for drunk driving, in

1995 for two counts of forgery and one count of second-degree theft, and in 2001 for possession of drug paraphernalia. The district court[1] denied Caldwell's downward-departure motion, concluding that the law of this circuit requires a sentencing judge to take the defendant's entire criminal history into account when considering a departure under § 4A1.3, and that Caldwell's criminal history as a whole was not overrepresented by Category IV. The district court sentenced Caldwell to twenty-one months in prison and two years of supervised release.

On appeal, Caldwell argues that the district court erroneously determined that it lacked authority to grant his downward-departure motion. We disagree. We have previously held that the following statement by a district court--"If I thought it wasn't an abuse of discretion, I'd go ahead and grant [the defendant's § 4A1.3] motion, but I have to follow the law, and I think that you have to look at the entire criminal history . . . . I can't in good faith say that the criminal history is overstated for purposes of a downward departure."--showed that the sentencing judge had understood his authority to depart downward but had concluded that, viewing the defendant's criminal history as a whole, such a departure would be an abuse of discretion. See United States v. Williams, 340 F.3d 563, 571 (8th Cir. 2003). The district court said essentially the same thing in this case. Because the district court recognized its authority to depart, its denial of Caldwell's downward-departure motion is an unreviewable exercise of discretion. See id. at 572.

Accordingly, we affirm the judgment of the district court.

_____

_____

[1] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.